UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD G. PAPE, administrator of | : | |
| The ESTATE OF DYLAN J. PAPE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:17-cv-00863-WWE |
| | : | |
| CITY OF STAMFORD, | : | |
| CHRISTOPHER BAKER, and | : | |
| STEVEN PERROTTA, | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is an excessive force action by plaintiff Richard G. Pape on behalf of the decedent, Dylan J. Pape. Plaintiff alleges excessive force in violation of the Fourth Amendment against the individual defendant police officers and municipal liability against the City of Stamford. Defendants have moved for summary judgment. For the following reasons, defendants' motion will be granted.

### BACKGROUND

On March 21, 2016, at 7:41 p.m., Dylan Pape called 9-1-1 from his parents' residence, pretending to be his father. Pape informed Stamford emergency dispatch that "his son" had a gun and required police assistance.

A large force of police, including officers Baker and Perrotta, responded to the scene, where they found Pape in his driveway with a handgun. The pistol was later found to be a BB gun, which Pape had purchased earlier that afternoon. During the incident, the officers on the scene did not know that the gun was a BB gun.

1

During an hour-long confrontation, many officers ordered Pape to put the gun down, but he refused to comply.  Eventually, Pape, gun in hand, abruptly began walking directly toward Baker.  Baker quickly looked around to determine if there was any other place that he could go that would provide cover.  He saw officers behind him and knew Pape's parents were behind him as well.  The street was filled with police vehicles and people.  Pape began closing the distance between himself and Baker, and Baker again yelled for Pape to put the gun down.

Another officer warned Pape that he would release a police K-9, but Pape refused to surrender or otherwise change his conduct.  The officer then released the dog, which ran toward Pape.  The K-9 contacted Pape in the middle of the street as Pape was quickly advancing toward Baker's position.  Baker continued to scream commands at Pape to drop the gun.  Notwithstanding, Pape continued moving into the street as the K-9 grasped his leg.  As the dog latched onto his leg, Pape raised his right arm, gun in hand, pointing it in the direction of the officers.  Baker and Perrotta fired a total of three shots, which struck and killed Pape.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc.

v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**Excessive Force and Qualified Immunity**

"[T]here can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." Tennessee v. Garner, 471 U.S. 1, 7 (1985).

"*[A]ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham v. Connor, 490 U.S. 386, 395 (1989).

"[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397. The test of reasonableness requires careful attention to all of the facts and circumstances of the case, including the

3

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Id. at 396.

In addition, the doctrine of qualified immunity shields public officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Mullenix v. Luna, 136 S.Ct. 305, 308 (2015). The correct inquiry is whether it was clearly established that the Fourth Amendment prohibited the officers' conduct in the situation they confronted.

> Although this Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate. In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.

Kisela v. Hughes, 138 S.Ct. 1148, 1152 (2018) (internal citation omitted).

Here, plaintiff argues that qualified immunity is not appropriate for three reasons: (1) Pape was in the process of being subdued by a police K-9; (2) Pape had not raised his pistol to a point that its barrel was parallel with the ground; and (3) Pape had previously made similar movements. Nevertheless, plaintiff concedes that the facts of this case are not materially in dispute, including the fact that Pape raised his gun toward the officers immediately prior to being shot.

Plaintiff has not demonstrated the apparent unlawfulness of the officers' actions under pre-existing law or identified any case where an officer acting under similar circumstances was held to violate the Fourth Amendment. See White v. Pauly, 137 S.Ct. 548, 552 (2017) (explaining that clearly established law

must be particularized to the facts of the case to avoid generalizing abstract rights that could lead to a rule of virtually unqualified liability).

Plaintiff concedes that the officers on the scene reasonably considered the handgun to be a real gun, capable of firing real bullets. Considering all of the surrounding circumstances, the facts that Pape was physically engaged with a K-9, had not achieved a horizontal position with the pistol, and had previously made similar movements do not together amount to clearly establishing that the Fourth Amendment prohibited the officers' conduct in the situation they confronted. Indeed, these factors do not change significantly the apparent threat of deadly force presented by Pape when he aimed his gun in the direction of the officers. Moreover, even if plaintiff's characterizations lessen the appearance of the threat to the extent necessary to render a deadly force response unconstitutional, existing precedent has not placed the question beyond debate. It was not clearly established that the Fourth Amendment prohibited the officers' conduct in the situation they confronted. Accordingly, summary judgment will be granted in favor of defendants on plaintiff's Fourth Amendment claims.

**Municipal Liability**

Plaintiff agrees that there is not sufficient evidence to support liability against the City. Accordingly, and for the reasons discussed above, summary judgment will be granted in favor of defendants on plaintiff's municipal liability claims.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.  The Clerk is instructed to close this case.

Dated this 29th day of November, 2018, at Bridgeport, Connecticut.


       /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE